UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SARAH BANTA, | Case No. 3:23-cv-00054-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| COSTCO WHOLESALE CORPORATION; and DOES I-V, | |
| Defendants. | |

## I.    SUMMARY

Following a bench trial, the Court found that Plaintiff Sarah Banta failed to establish Defendant Costco Wholesale Corporation's liability on her single negligence claim and directed judgment in favor of Defendant. (ECF No. 75 ("Order")[1].) Before the Court is Defendant's motion for attorney fees. (ECF No. 78 ("Motion")[2].) Plaintiff countered with a motion to stay judgment pending appeal. (ECF No. 85 ("Motion to Stay")[3].) For the reasons discussed below, the Court denies Defendant's Motion, and the Court accordingly denies the Motion to Stay as moot.

## II.    DISCUSSION

Defendant seeks an award of its attorney's fees under Rule 68 of the Nevada Rules of Civil Procedure, having made an offer of judgment of $20,010.00 to Plaintiff on January 31, 2024.[4] (ECF No 78 at 3-4.) The Court agrees with the parties that Nev. R. Civ. P. 68

---

[1]The factual findings in the Order supply the factual background for this order.

[2]Plaintiff filed an opposition (ECF No. 81) and Defendant replied (ECF No. 84).

[3]Defendant filed an opposition (ECF No. 86) and Plaintiff replied (ECF No. 88).

[4]Plaintiff filed the Complaint on December 15, 2022. (ECF No. 1.) According to Defendant, the offer was made after a thorough review of discovery. (ECF No. 78 at 3.)

supplies the relevant standard. (*Id.* at 4 (asserting that Nev. R. Civ. P. 68 governs diversity cases); ECF No. 81 at 3 (asserting Nevada substantive law applies in this diversity action).)

Nev. R. Civ. P. 68 gives district courts discretion to award attorneys' fees to the party who makes an offer of judgment if the offeree rejects the offer and subsequently obtains a judgment that is less favorable than the offer. *See Chavez v. Sievers*, 43 P.3d 1022, 1027 (Nev. 2002). The following factors govern the award of attorneys' fees under these circumstances: "(1) whether the plaintiff's claim was brought in good faith; (2) whether the defendants' offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount." *Beattie v. Thomas*, 668 P.2d 268, 274 (Nev. 1983). No single factor is outcome determinative. *See Harrison v. Ramparts, Inc.*, 500 P.3d 603, 608 (Nev. 2021). Defendant argues that all four factors weigh in favor of granting its Motion. (ECF No. 78 at 6-8.) Plaintiff counters that the first, third, and fourth factors weigh against granting the Motion. (ECF No. 81 at 6-9.) The Court finds that the first and third factors weigh in favor of Plaintiff, counseling against granting the Motion.

The Court does not find that Plaintiff's negligence claim was brought in bad faith. The Court found in favor of Defendant because Plaintiff failed to meet her burden in establishing liability by a preponderance of the evidence. (ECF No. 75 at 10-12.) The Court's finding as to Plaintiff's failure to persuade based on a preponderance of the evidence standard does not signal a finding that Plaintiff's claim was brought in bad faith. To the contrary, the evidence at trial established that Plaintiff did sustain a fall while on Defendant's premises, as she testified to, and that she incurred significant medical expenses.[5] This leads the Court to the third factor—Plaintiff's decision to reject the offer.

---

[5]As Plaintiff points out in her response to the Motion, her medical expenses amounted to about $368,326.44 by the time of trial. (ECF No. 81 at 9.)

Although the $20,000.00 offer does not appear to have been a nuisance-value offer, the Court cannot find that Plaintiff's decision to reject it was unreasonable, let alone grossly unreasonable, or that she acted in bad faith, particularly given her position as to liability and her substantial medical expenses. Accordingly, the Court denies the Motion.

## III.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court reviewed these arguments and cases and determines that they do not warrant discussion, as they do not materially affect the outcome of the issues before the Court.

It is therefore ordered that Defendant's motion for attorney fees (ECF No. 78) is denied.

It is further ordered that Plaintiff's motion to stay case pending appeal (ECF No. 85) is denied as moot.

DATED THIS 30th Day of June 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE